UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERSON ALEXANDER MARAVILLA PEREZ (A#204-601-265),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-07377-DAD-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding through counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that Petitioner was released pursuant to an immigration judge bond decision on January 4, 2022. Petitioner was not convicted of any crimes and did not violate conditions of release after the IJ granted him release on bond. Yet ICE re-detained him on June 25, 2026, without any prior notice or hearing as to whether he should be detained. Petitioner does not have a final administrative order of removal.

On September 16, 2026, the Court ordered Respondents to file an answer within seven days. Respondents did not file an answer or otherwise respond to the petition. That failure to respond to the petition could be deemed a non-opposition to granting Petitioner relief.

Consistent with the court's reasoning and rulings in substantively identical cases, the undersigned finds that petitioner's Fifth Amendment right to procedural due process was violated by his re-detention without a pre-deprivation hearing. See Guaura v. Warden, 26-cv-01124-DAD-AC (HC), 2026 WL 895694 (E.D Cal. Apr. 1, 2026) (applying Cajina v. Wofford, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), to grant petition and order immediate release on habeas petitioner's procedural due process claim); Lopez v. Albarran, No. 1:25-CV-01890-DAD-SCR (HC), 2025 WL 3691082 (E.D. Cal. Dec. 19, 2025) (same outcome as to a request for a temporary restraining order, relying on Perez v. Albarran, No. 1:25-CV-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025)); Ramos v. Warden, California City Corr. Ctr., No. 26-CV-01026-DAD-JDP, 2026 WL 836368, at *2 (E.D. Cal. Mar. 26, 2026) ("[T]he appropriate remedy is petitioner's immediate release where, as here, respondents have failed to provide authority for petitioner's detention.").[1]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be granted on count one, re-detention without a pre-deprivation hearing.[2]

2. Respondent[s] be ordered to immediately release Petitioner GERSON ALEXANDER MARAVILLA PEREZ (A#204-601-265 ), from their custody subject to the same conditions of release that he was subject to in January 2022.

3. At the time of release, Respondents be required to return all of Petitioner's documents and possessions.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

5. Any final order entered in this case not address the circumstances in which

[1] The fact that Petitioner was given a bond hearing where he had the burden to demonstrate he should be released more than a month after his re-detention does not cure the initial violation.

[2] In the interests of judicial economy and based on the recommended relief, the undersigned finds it unnecessary to address the remaining claims in the § 2241 petition.

Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to:

a. Serve the California City Detention Facility with any order for release.

b. Enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 29, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE